UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRI FREDERICKS,

                          Plaintiff,

   -against-                                      5:05-CV-1344
                                                             (LEK/RFT)
HARTFORD LIFE INSURANCE COMPANY,
HEALTH SERVICES MEDICAL GROUP,
UNIVERA HEALTHCARE-CNY, INC. and
HEALTH SERVICES MEDICAL CORPORATION
OF CENTRAL NEW YORK, INC.,
                          Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Terri Fredericks, Plaintiff, is a resident of New York and up until November 14, 2001, was employed by Univera Healthcare-CNY, Inc. and/or Health Services Medical Group, now known as Health Services Medical Corporation of Central New York, Inc., as a "medical secretary." On or around November 14, 2001, Plaintiff became disabled and incapable of work. Hartford Life Insurance Company issued the Group Insurance Policy to the Policyholder, Health Services Medical Group. Health Services Medical Group was also named the Employer/Plan Sponsor and Plan Administrator. Plaintiff's Long Term Disability claim was approved on or around January 13, 2002. However, on or around October 23, 2003, Plaintiff's disability benefits were terminated. See Complaint (Dkt. No. 1) at ¶ 5-10; Motion to Dismiss (Dkt. No. 8, Attach. 3, Ex. A) at 3, 30.

Plaintiff alleged that she provided Defendants with medical records and statements from her

---

[1] For printed publication by the Federal Reporters.

1

treating physicians indicating their opinions that Plaintiff is incapable of working, and there is an absence of any medical evidence demonstrating improvement in Plaintiff's condition. Therefore, Plaintiff contends that she is entitled to long term disability income benefits retroactive to September 30, 2003 at a percentage of her monthly Pre-disability Earnings in accordance with the Plan provisions. See Complaint (Dkt. No. 1) at ¶¶ 12, 13, 16.

Defendants, Univera Healthcare-CNY, Inc., now known as Health Services Medical Corporation of Central New York, Inc. are fiduciaries of the group health and benefit plan which covered Plaintiff because these Defendants had discretionary authority and responsibility for the administration of the plan, and reviewed and made final determinations as to the participants' claims and claim appeals. Plaintiff alleges that Defendants breached their fiduciary duties to Plaintiff by wrongfully denying her benefits. See Complaint (Dkt. No. 1) at ¶ 20, 22.

Plaintiff asserts two claims for relief with regard to the long-term disability Group Insurance Policy issued by Hartford Life Insurance Company to Univera Healthcare-CNY Inc., now known as Health Services Medical Corporation of Central New York, Inc. Plaintiff brought a First Claim for Relief pursuant to Employee Retirement Income Security Act ("ERISA") section 502(a)(1)(B), as amended, 29 U.S.C. § 1132(a)(1)(B), to enforce Plaintiff's rights under the policy and for payment of long term disability benefits under the policy, and a Second Claim for Relief pursuant to ERISA § 501(a)(3), as amended, 29 U.S.C. § 1132(a)(3), for breach of fiduciary duty wherein Plaintiff seeks to recover benefits due to her under the terms of the policy or to clarify her rights to future benefits under the terms of the policy. Defendants move to dismiss Plaintiff's first claim for relief as against Defendants Health Services Medical Group, Univera Healthcare-CNY, Inc., and Health Services Medical Corporation of Central New York, Inc. because Plaintiff's employer cannot be

2

held liable for a claim for benefits under the policy, and to dismiss Plaintiff's second claim for relief as against all Defendants because the second claim is duplicative and unnecessary. See Motion to Dismiss (Dkt. No. 8, Attach. 1) at 1-2.

## II.  Discussion

### A.  Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* must be denied "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In assessing the sufficiency of a pleading, the Court must "assume all well-pleaded factual allegations to be true, and...view all reasonable inferences that can be drawn from such allegations in the light most favorable to the plaintiff." Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).

### B.  Plaintiff's Claim Pursuant to § 502(a)(1)(B)

Plaintiff's first claim is brought pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits claimed under the terms of the long-term disability Group Insurance Policy.

Section 502(a)(1)(B) provides:

> A civil action may be brought...by a participant or a beneficiary...to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Defendants Health Services Medical Group, Univera Healthcare-CNY, Inc., and Health Services Medical Corporation of Central New York, Inc. seek dismissal of that claim on the ground

3

that they are not proper party defendants. They contend that the only proper party is Defendant Hartford Life Insurance Company.

The Second Circuit has held that "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). Recently, the Second Circuit cited the Leonelli rule and rejected the argument that an employer could be a de-facto administrator jointly liable with the named administrator under § 502(a)(1)(B), when the employer designated a plan administrator. Crocco v. Xerox Corp., 137 F.3d 105, 107-08 (2d Cir. 1998); see also Muller v. First Unum Life Ins. Co., 23 F. Supp. 2d 231 (N.D.N.Y. 1998)(Hurd, M.J.).

In the present case, unlike the employers in both Leonelli and Crocci, Plaintiff argues that the employer Health Services Medical Group/Univera Healthcare-CNY, Inc./Health Services Medical Corporation of Central New York, Inc. was designated as the Plan Administrator. See Motion to Dismiss (Dkt. No. 8, Attach. 3, Ex. A) at 3, 30. Defendants contend that the employer cannot be liable for Plaintiff's claim for plan benefits because responsibility for the administration of the plan lies with the insurer, Hartford Life Insurance Company. Plaintiff counters that the plan specifically names Health Services Medical Group as the plan administrator and without discovery there is not sufficient information to determine exactly who the plan administrator is at this time, and as such, the Court should not dismiss Plaintiff's claim against the employer.

The Court agrees with Plaintiff that dismissal is not appropriate at this time, since Plaintiff has alleged that the employer is the plan administrator and the plan documents substantiate that claim. ERISA defines the plan administrator as the person "so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16). The allegations in Plaintiff's

4

Complaint are sufficient to allow her to conduct discovery in an attempt to prove that the employer is the plan administrator and that she is entitled to benefits under the plan.

**C. Plaintiff's Claim Pursuant to § 502(a)(3)**

Plaintiff's second claim is brought pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), to recover benefits claimed under the terms of the long-term disability Group Insurance Policy.

Section 502(a)(3) provides:

A civil action may be brought...by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief...

The Supreme Court in Varity Corp. v. Howe explained that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." Varity Corp. v. Howe, 516 U.S. 489, 515 (1996). While there is conflict among the district courts in interpreting the holding of Varity Corp. when deciding whether a claim under § 502(a)(1)(B) can be brought in tandem with a claim under § 502(a)(3), the Second Circuit has clarified this matter.

The Second Circuit has interpreted that Varity Corp. did not eliminate the possibility of a plaintiff successfully asserting a claim under both § 502(a)(1)(B), to enforce the terms of a plan, and § 502(a)(3) for breach of fiduciary duty; instead, the Supreme Court indicated that equitable relief under § 502(a)(3) would "normally" not be appropriate. Devlin v. Empire Blue Cross & Blue Shield, 274 F. 3d 76, 89 (2d Cir. 2001). In Devlin, the Second Circuit found the determination of "appropriate equitable relief" to rest with the district court should plaintiffs succeed on both claims. Id. at 89-90. Recently, the Second Circuit reaffirmed the holding in Devlin by finding that all of the relief sought by the plaintiffs in a claim for breach of fiduciary duties cannot be adequately addressed

5

by the relief available under § 502(a)(1)(B). Frommert v. Conkright, 433 F. 3d 254, 272 (2d Cir. 2006). In Frommert, responsibility for determining appropriate equitable relief rests with the district court and this determination "must be based on ERISA policy and the special nature and purpose of employee benefits plans." Frommert, 433 F.3d at 272, (citing Devlin, 274 F.3d at 89).

According to the Second Circuit, plaintiffs asserting § 502(a)(3) claims were not required to request some relief other than lost benefits. Chapro v. SSR Realty Advisors, Inc. Severance Plan, 351 F. Supp. 2d 152, 156 (S.D.N.Y. 2004). Even if the claims are duplicative, there has been no binding authority holding that a plaintiff cannot plead both claims. Id. Similarly, in this case Plaintiff is seeking appropriate equitable relief for violations of ERISA that resulted in the termination of her benefits under both § 502(a)(1)(B) and § 502(a)(3). At the pleading stage, both claims may proceed in tandem at this time.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to dismiss Plaintiff's First Claim for Relief as against Defendants Health Services Medical Group, Univera Healthcare-CNY, Inc., and Health Services Medical Corporation of Central New York, Inc. (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that Defendants' Motion to dismiss Plaintiff's Second Claim for Relief as against all Defendants (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     March 30, 2007
           Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge